UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN POYDRAS, JR.,

    Plaintiff,

v.

Case No. 09-11435
Hon. Lawrence P. Zatkoff

ONE WEST BANK,

    Defendant.
    _____/

## ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 20, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff, proceeding *pro se*, filed this case on April 16, 2009, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. On May 18, 2009, Plaintiff filed a "motion for injunctive releif [sic] and temporary restraining order prusuant [sic] to MCR 3.310(B)(1)(a)(b)(c)" [dkt 5]. In his motion, Plaintiff requests that the Court issue a temporary restraining order and enjoin an eviction currently scheduled for May 21, 2009.

### II. ANALYSIS

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims

requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Therefore, this Court does not enjoy jurisdiction to enjoin this eviction from proceeding.

Plaintiff also includes a recitation of damages allegedly sustained under 18 U.S.C. §§ 241, 872, and 1001. These are federal criminal statutes, and they do not provide a private cause of action. *See Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307 (6th Cir. 2004) (no private cause of action under 18 U.S.C. § 241); *Massey v. Bank of Edmondson County*, 49 Fed. Appx. 604 (6th Cir. 2002) (no private cause of action under 18 U.S.C. § 1001); *Gipson v. Callahan*, 18 F. Supp. 2d 662 (W.D. Tex. 1997) (no private cause of action under 18 U.S.C. § 872). Thus, this relief is denied as well.

### III. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for injunctive relief and temporary restraining order [dkt 5], and all relief requested therein, is DENIED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: May 20, 2009

2

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 20, 2009.

                                             S/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290