UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN POYDRAS, JR.,

    Plaintiff,

                                                                   Case No. 09-11435
v.                                                        Hon. Lawrence P. Zatkoff

ONE WEST BANK,

    Defendant.
                                       /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 31, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss, or alternatively, motion for summary judgment [dkt 10]. Plaintiff did not respond to Defendant's motion and the time to do so has elapsed. *See* E.D. Mich. L.R. 7.1(d)(1). The Court finds that the facts and legal arguments are adequately presented in Defendant's filing such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted.

**II. BACKGROUND**

Plaintiff, proceeding *pro se*, filed this case on April 16, 2009, alleging violations of various lending statutes, including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Plaintiff's complaint arises out

of the origination and servicing of his mortgage. Plaintiff thereafter filed a motion for injunctive relief and a temporary restraining order, which the Court declined to address on the merits due to jurisdictional concerns.

Plaintiff and IndyMac Bank, FSB, entered into a mortgage agreement on October 3, 2005, with Mortgage Electronic Registration Systems, Inc. (MERS) serving as IndyMac's nominee and as the mortgagee. *See* Def.'s Ex. 2. MERS later assigned its interest to IndyMac. *See* Def.'s Ex. 3. IndyMac failed and the FDIC placed the bank in a receivership. In March 2009, Defendant, a newly-formed institution, purchased the assets of IndyMac.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the

Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(b).

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The Court, however, will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV.  ANALYSIS

### A.  TILA Claims

Plaintiff avers that Defendant failed to provide TILA-required disclosures.  Plaintiff seeks to rescind his mortgage pursuant to the TILA as a result of Defendant's alleged violations.  Defendant maintains that the statute of limitations has elapsed on any potential TILA violation.

Generally, a violation of the TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The right of rescission pursuant to TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."  *Id.* § 1635(f).  *See also Strickfaden v. Place Park Mortgage Corp.*, No 07-15347, 2008 WL 3540079, at *2 (E.D. Mich. Aug. 12, 2008) ("The time period in § 1635, however, applies only to an individual's exercise of her right to rescission.").

Defendant has attached a copy of Plaintiff's mortgage agreement, which indicates that the agreement was entered into on October 3, 2005.  *See* Def.'s Ex. 2.  Plaintiff filed this case on April 16, 2009.  Thus, Plaintiff's claims under the TILA, whether subject to the 1-year or 3-year statute

of limitations, are time-barred, and Defendant is entitled to dismissal of those claims.

**B.  FDCPA Claims**

Plaintiff also insists that Defendant's actions violated the FDCPA. Defendant maintains that the FDCPA does not apply because the statute's definition of "debt collector" specifically excepts creditors. The Court agrees.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e).

Defendant does not fall within the statutory definition of "debt collector," as any actions it took were to collect a debt that it was owed. *See id.* § 1692a(6). *See also Givens v. HSBC Home Mortgage Servs.*, No 08-10985, 2008 WL 4190999, at *2 (E.D. Mich. Aug. 26, 2008) ("[I]t is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors."); *Turk v. CitiMortgage*, 05-70386, 2005 WL 2090888, at *5 (E.D. Mich. Aug. 29, 2005) ("Defendant was trying to obtain a debt that it was owed by Plaintiff. Therefore, the Court finds, as a matter of law, that Defendant is not a 'debt collector' under the FDCPA."). As a result, Defendant is entitled to dismissal of Plaintiff's FDCPA claims.

**C.  Other**

Plaintiff accuses Defendant of mail fraud in violation of 18 U.S.C. § 1341. A civil plaintiff generally has no standing to assert a claim arising under a criminal statute. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Section 1341 does not incorporate a private cause of action. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979); *Fisher v. Conseco Fin. Co.*, No.

3:07cv266/RV/MD, 2007 WL 3012881, at *3 n.9 (N.D. Fla. Oct. 12, 2007) (collecting cases). Therefore, Plaintiff cannot assert this charge.

Plaintiff cites several other regulations, statutes, and code provisions, but the Court cannot discern the factual underpinnings of any additional causes of action, let alone find that Plaintiff has stated a viable claim.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 10] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 31, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290